**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-4552**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

RASHAD LAROY EBRON,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  John A. Gibney, Jr., Senior District Judge.  (3:24-cr-00047-JAG-1)

---

Submitted:  June 22, 2026                    Decided:  July 20, 2026

---

Before WILKINSON, THACKER, and RICHARDSON, Circuit Judges.

---

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

**ON BRIEF:**  Geremy C. Kamens, Federal Public Defender, Salvatore M. Mancina, Assistant Federal Public Defender, Laura J. Koenig, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Erik S. Siebert, United States Attorney, Katherine E. Groover, Special Assistant United States Attorney, Olivia L. Norman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Rashad Laroy Ebron was convicted of unlawfully possessing a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Ebron appeals, challenging both his conviction and his 48-month sentence. For the reasons that follow, we affirm Ebron's conviction, vacate his sentence, and remand for resentencing.

## I

Ebron first asserts that his conviction is infirm because, following *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), § 922(g)(1) is unconstitutional, both facially and as applied to him. Ebron does not assert that the convictions that prohibit his possession of firearms "[are] pardoned or [that] the law[s] defining the crime[s] of conviction [have been] found unconstitutional or otherwise unlawful." *United States v. Hunt*, 123 F.4th 697, 700 (4th Cir. 2024) (citation modified), *cert. denied*, 145 S. Ct. 2756 (2025). His Second Amendment claims are therefore precluded by binding circuit precedent. *See id.*; *see also United States v. Canada*, 123 F.4th 159, 160-62 (4th Cir. 2024); *United States v. Runyon*, 994 F.3d 192, 201 (4th Cir. 2021) ("In this circuit it is established that one panel cannot overrule another." (citation modified)).

## II

Ebron next challenges the sufficiency of the evidence supporting his conviction. To establish that he violated § 922(g)(1), "the Government had to prove beyond a reasonable doubt that (1) [Ebron] was a convicted felon, (2) [he] knew he was a felon, (3) [he] knowingly possessed [the] firearm [and] ammunition, and (4) the firearm [and]

2

ammunition had traveled in interstate or foreign commerce." *United States v. Hicks*, 64 F.4th 546, 553 (4th Cir. 2023). Only the possession element is at issue in this appeal.

"A defendant challenging the sufficiency of the evidence supporting his conviction 'bears a heavy burden.'" *United States v. Speed*, 175 F.4th 272, 281 (4th Cir. 2026). In conducting our review, we "view the evidence in the light most favorable to the Government and draw all reasonable inferences in the Government's favor. That means we do not ask if we agree with the jury's verdict. We only ask if there was evidence from which a reasonable jury could have reached a guilty verdict." *Id.* (citation modified). Ebron's burden is especially heavy. Although he moved for a judgment of acquittal at the close of the Government's case, he did not renew his motion at the close of all the evidence, *see* Fed. R. Crim. P. 29(a), or after the jury rendered its verdict, *see* Fed. R. Crim. P. 29(c). He thus has forfeited his challenge to the sufficiency of the evidence absent "'a manifest miscarriage of justice.'" *United States v. Watkins*, 111 F.4th 300, 307 (4th Cir. 2024); *see id.* (explaining that "a defendant who moved for acquittal at the close of the prosecution's case, was denied, and then introduced his own evidence must move for acquittal again to preserve his challenge to the sufficiency of the evidence").

"The 'manifest miscarriage' language [is] simply a formulation of the plain-error test's application to insufficiency claims." *United States v. Delgado*, 672 F.3d 320, 331 n.9 (5th Cir. 2012) (en banc) (citation modified). To satisfy plain error review, Ebron must establish "(1) an error; (2) that is clear or obvious under the law at the time of review; (3) that seriously affects [his] substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Watkins*, 111 F.4th at 311.

3

Possession of a firearm may be actual or constructive. *United States v. Lawing*, 703 F.3d 229, 240 (4th Cir. 2012). "Constructive possession requires 'ownership, dominion, or control over the contraband or the premises or vehicle in which the contraband was concealed' and 'knowledge of the presence of the contraband.'" *United States v. Moody*, 2 F.4th 180, 189 (4th Cir. 2021) (quoting *United States v. Herder*, 594 F.3d 352, 358 (4th Cir. 2010)). As Ebron emphasizes, "mere proximity to the contraband" is insufficient to establish dominion and control over it. *United States v. Blue*, 808 F.3d 226, 232 (4th Cir. 2015). However, "circumstantial evidence may be sufficient, considering the totality of the circumstances surrounding the defendant's arrest and his alleged possession, to establish constructive possession." *Moody*, 2 F.4th at 190 (citation modified).

Here, when viewed in the light most favorable to the Government, the evidence adduced at trial established the following facts. While on patrol in a "high crime area" at 2:00 a.m., Richmond Police Department Officers Quinton Barnes and Dquan Walker pursued Ebron after they observed him speeding and failing to stop at several stop signs. Ebron abruptly stopped on the street in front of his destination (his sister's house); Walker parked behind him and activated the police vehicle's lights and sirens.

Ebron immediately exited his car and locked it. Barnes approached with his firearm drawn, which he testified was because he had observed Ebron "blade" his body to the right, toward the floorboard, and he was concerned Ebron may have a weapon. Walker also testified that he had observed a similar action, but he acknowledged that this movement was not apparent on videos of the incident recorded on the officers' body-worn cameras.

4

A firearm was plainly visible on the driver's side floorboard of the car, of which Ebron had been the sole occupant. Officers could not access the locked car to secure the firearm, and they asked Ebron for the keys and for his identification. Although the keys were visibly hanging from Ebron's pocket, he asserted they were locked inside the vehicle. The officers did not see the keys. Ebron also asserted that his wallet was inside his sister's house. The officers arrested Ebron upon confirmation that he had a prior felony conviction.[1] During the search incident to arrest, they recovered both the keys and Ebron's wallet. Ebron asserted that the keys belonged to "his girl," but the officers confirmed that they in fact opened the car. They secured the firearm and determined that it was loaded.

Ebron's sister owned both the car and the firearm. She arrived on the scene during Ebron's arrest and appeared surprised when the officers said Ebron had a gun. She advised the officers that the car and firearm belonged to her, but the officers declined her offer to provide paperwork. At trial, Ebron's sister testified that she had driven the car earlier in the day and—as she often did—stored the gun under her seat.

Ebron argues on appeal that the evidence was insufficient to establish that he knew the firearm was in the car or that he intended to exercise dominion and control over it. Instead, he contends that the "only explanation" the evidence supports is that his sister left the firearm under the seat, and it slid forward when he stopped abruptly. But circumstantial evidence is sufficient to establish constructive possession. *Moody*, 2 F.4th at 190. Even

---

[1] Although Ebron disclaimed possession of his identification, he provided his name to the officers.

5

setting aside the issue of when, or whether, Ebron "bladed" his body to the right, he was the driver and sole occupant of the car where the loaded firearm was discovered in plain view. "There is an inference that the driver of the vehicle has knowledge of the contraband within it." *Moody*, 2 F.4th at 191 (citation modified). In addition, rather than wait for an officer to approach him during an attempted traffic stop, Ebron immediately exited the car and locked the door behind him. A reasonable juror could conclude that he then stymied officers' attempts to access the firearm and to learn of his prohibited status by withholding the keys and his identification.

"Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear," *United States v. Freitekh*, 114 F.4th 292, 308 (4th Cir. 2024), and "we must uphold the jury's verdict if *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," *United States v. Huskey*, 90 F.4th 651, 662 (4th Cir. 2024) (emphasis in original, citation modified). Based on the evidence presented to the jury, we discern no plain error in Ebron's conviction.

### III

Turning to Ebron's final challenge, he contends that the district court procedurally erred in calculating his Sentencing Guidelines range by establishing a base offense level of 20, which applies when "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." U.S. Sentencing Guidelines Manual § 2K2.1(a)(4)(A) (2023). The district court overruled this objection at sentencing, concluding that Ebron's prior 2016

6

conviction under Va. Code § 18.2-53.1 for use of a firearm in commission of a robbery qualified as a crime of violence.

We held this case in abeyance for *United States v. Scott*, 176 F.4th 806, 809-10 (4th Cir. 2026), because the defendant in *Scott* presented the same sentencing challenge.  In *Scott*, we recently vacated the defendant's sentence and remanded for resentencing, clarifying that "neither Virginia robbery nor Virginia Code § 18.2-53.1—alone or in combination—have 'as an element the use, attempted use, or threatened use of physical force against the person of another.'" *Id.* at 814 (citation modified).  Following *Scott*, the parties now agree that the district court procedurally erred in sentencing Ebron, requiring vacatur and resentencing.[2]  We thus vacate Ebron's sentence.

### IV

Accordingly, we affirm Ebron's conviction, vacate his sentence, and remand for resentencing.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*

---

[2] As the timing reflects, the district court did not have the benefit of our decision in *Scott* at Ebron's initial sentencing hearing.

7